# Davis & Son *v.* Hays.

*Contested Claim of Exemption against Garnishment.*

1. *Relevancy of evidence in disproof of inventory.*—When a claim of exemption is interposed to a debt in the hands of a garnishee, and the inventory filed by the debtor on demand is contested by the plaintiff in garnishment (Code, §§ 2530-31), it is competent for the latter to prove that, about two years and a half before the claim of exemption was filed, the debtor "had a large bank account" with a named banker, no presumption of loss or destruction arising from the lapse of such time.

2. *Same; cross-examination of witness.*—The debtor having stated, in his examination as a witness for himself, that he had between $2,500 and $3,000 on hand a few weeks before the trial, and that he had invested it in lands; he may be asked, on cross-examination, "where said lands were located," and "if any deeds were executed to him for said lands."

3. *Charge as to weight of evidence.*—A charge which instructs the jury that, "when there is no conflict in the testimony on a material matter, it is their duty to accept and consider such testimony, and give it full weight in arriving at their verdict," "is misleading, if not positively erroneous;" instead of "full weight," it should say, "the weight to which, in their opinion, such testimony is justly entitled."

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

The appellants in this case, suing as partners, commenced an action by summons and complaint, in August, 1888, against F. M. Walker and John A. Hays, as late partners doing business under the name of Walker & Hays; and sued out a garnishment in aid of the action, which was served on A. Gilley, D. McIntyre, and others, as the debtors of said Walker & Hays, or either of them. The garnishees appeared and answered, each admitting an indebtedness to John A. Hays; and on the 11th September, 1888, judgment was rendered for the plaintiffs, for the amount of their debt.

The amount of the plaintiffs' judgment was $858.38; the debt admitted by McIntyre was $240, and that admitted by Gilley was $415, with interest. At the same term of the court, Hays made a motion to quash the writ of garnishment, which motion was overruled by the presiding judge in vacation. At the September term, 1889, Hays filed an affidavit and claim of exemption, claiming the debts due to him by McIntyre and Gilley; and on a subsequent day of the term, on demand of the plaintiffs, he filed an inventory and schedule of his personal property, verified by affidavit. The plaintiffs contested the correctness of this inventory, and thereupon an issue was formed between the parties. On the trial of this issue, exceptions were reserved by the plaintiffs to rulings of the court on the admissibility of evidence, which require no special notice, being stated in the opinion of this court; and these rulings are here assigned as error.

The court gave the following charges to the jury, on request of the claimant: (1.) "If the jury believe from the evidence that, at the time of filing the claim of exemption by Hays, he did not own more than $1,000 in personal property, and said property was claimed by him as exempt; and that he has filed a complete inventory of all his personal property in excess of said $1,000, and there is no fraud in the transaction; then the jury must find for him." (2.) "When there is no conflict in the testimony on a material matter, it is the duty of the jury to accept and consider such testimony, and give it full weight in arriving at their verdict; they can not captiously or capriciously reject any testimony, but must consider it all in determining the issues submitted to them." The plaintiffs excepted to each of these charges, and here assign them as error.

J. W. FOSTER, for appellant.

J. F. ROPER, contra.

SOMERVILLE, J.—The issues in this case arose on a contest by the plaintiffs of defendant's claim of exemption to certain personal property.—Code, 1886, § 2525 et seq.

It was competent, under the provisions of the statute, to show that the defendant had other personal property not embraced in the inventory filed by him on the demand of the plaintiff.—Code, §§ 2530–31. The plaintiff proposed to prove that the defendant "had a large bank account" with

[Manasses v. Dent.]

a certain named banker, in the spring of 1887—which was about two and a half years before the present claim of exemption was made. The trial court excluded the evidence, as too remote to be relevant to the issue in dispute. In this ruling, we think, the court erred. There was no presumption of law that a large sum of money, on deposit in a bank, had been spent without acquiring a *quid pro quo* for it in return, by reason of this lapse of time, nor that whatever may have been thus acquired had been consumed in its using. These facts, if true, should have been proved by affirmative testimony.

So, likewise, as to the defendant's alleged investment of the $2,500 to $3,000 in money, which he admitted having on hand within three weeks prior to the trial. He testified to the fact that he had invested this sum in lands. The plaintiffs proposed, on cross-examination, to ask the defendant "where said lands were located," and "if any deeds were executed to him to said lands." The court, on objection of defendant's counsel, refused to permit these questions to be propounded. This was clearly erroneous. The questions were pertinent to test the truth of the defendant's explanation, as to the alleged investment of the money in question. If the power of cross-examination could be thus curtailed, there would be no efficacious means available for the exposure of artful fabrications of falsehood by witnesses in our courts of justice.

The first charge given by the court is capable of being so interpreted as to be free from error. The second charge is misleading, if not positively erroneous, in describing the degree of weight to be given the testimony by the jury. The phrase "*full* weight," incorporated in this charge, should be substituted by the words, *the weight to which, in their opinion, such testimony is justly entitled.*