# Buist v. Guice.

## Action for Breach of Contract.

1. *Action for breach of contract for sale of articles of merchandise; evidence of price at which plaintiff sold such articles at time of delivery admissible.*—In an action to recover damages for the breach of a contract for the sale of certain articles of merchandise, in failing to deliver at the designated time, after the plaintiff, as a witness in his own behalf has testified to the difference in the market value of such articles at the time the contract of sale was made and the time for delivery, it is competent for defendant to ask the plaintiff, on cross-examination, at what price he sold similar merchandise at the time and place specified in the contract for the delivery.

2. *Same; charge of court.*—In an action to recover damages for the breach of a contract of sale of certain articles of merchandise, in failing to deliver at the designated time, an instruction to the jury, that if there was a contract, and a breach of it was committed, the plaintiff could not recover more than a designated sum, which was the least amount the evidence showed the plaintiff was damaged, with interest thereon from the time of the breach of the contract, is not erroneous.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the appellee, B. L. Guice, against the appellant, Robert Buist, Jr., to recover damages for the alleged breach of a contract, by which the latter agreed to sell and deliver to the plaintiff two hundred and fifty barrels of Irish potatoes. The facts of the case are identical with those disclosed on the former appeal of this case, and reported in 96 Alabama 255. The facts pertaining to the only two new questions reviewed on the present appeal are sufficiently stated in the opinion.

There was judgment for the plaintiff, and the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

H. D. CLAYTON and S. H. DENT, Jr., for appellant.

A. H. MERRILL, *contra*, cited *Buist v. Guice*, 96 Ala. 255.

[Buist v. Guice.]

McCLELLAN, J.—This is the second appeal in this case. On the former appeal all the questions now presented were decided against the appellant—then and now—save only two.—*Buist v. Guice*, 96 Ala. 255. Of the two new points the first arises upon the trial court's refusal to allow the defendant to ask the plaintiff as a witness in his own behalf at what price he, the plaintiff, sold Irish potatoes during the season of 1890-91. This action was, in our opinion, erroneous. The *onus* was upon the plaintiff to show the difference in the market value of Irish potatoes at Eufaula, at the time he contracted for two hundred and fifty barrels of such potatoes at $2.75 per barrels in September, 1890, and at the time they were to be, but were not, delivered to him in January, 1891. The plaintiff himself, we gather from the bill of exceptions, testified that the difference was from one dollar to one dollar and a quarter per barrel. And then upon cross-examination the defendant proposed to ask him the question stated above, as to the price at which he, the witness, had sold potatoes during the season covering January, 1891, when, according to the contract, if there was a contract, he should have received the 250 barrels of potatoes from the defendant. The inquiry tended directly to test the accuracy of the witness's knowledge of the market value of potatoes at that time, the reasonableness of his estimate of value and, in consequence, the credibility of his testimony. The defendant was entitled to have him answer the question.

The other question presented now for the first time in this case arises upon an exception to an instruction given by the court *ex mero motu* to the effect that the plaintiff could not recover more than $250, and interest at 8 *per cent.* from the time of the breach of the contract, if there was a contract, and a breach of it was committed. Inasmuch as the evidence, without conflict, showed that on the hypothesis stated in this instruction the damage to plaintiff was at least one dollar for each of the 250 barrels of potatoes contracted for, we are unable to see any merit in the exception reserved to it.

For the error adverted to above the judgment must be reversed. The cause is remanded.

Reversed and remanded.