# Garner v. The State.

*Violating Prohibition Law.*

(Decided Feb. 8, 1912.   58 South. 213.)

*Witnesses; Examination; Cross.*—Where a witness testified that the defendant made the sale of the liquor to him in person, it was error, on cross-examination, to sustain an objection to the question as to where the witness went after purchasing tne liquor.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, Jr.

Jack Garner was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

KNOX, ACKER, DIXON & STERNE, for appellant. The court erred in sustaining the state's objection to the question propounded to the witness as to where he went after purchasing the liquor from the defendant.— *Phoenix I. Co. v. Copeland,* 86 Ala. 557; *L. & N. v. Hill,* 115 Ala. 334; *Snell v. Roach,* 150 Ala. 469.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Counsel insist that the cross-examination of witnesses and the latitude that will be allowed is within the sound discretion of the trial court, and that no abuse of such discretion was shown.

PELHAM, J.—The defendant's conviction of selling whisky in violation of the prohibition laws was based on the evidence of one Jack Jennings, who was examined as a witness for the state and testified to having purchased a pint of whisky during the forenoon on Christmas Eve, 1909, from the defendant in his place of business, a restaurant, located in the city of Anniston. The witness stated on cross-examination that he was somewhat under the influence of whisky at the time of the transaction. The defendant testified that he was not in his place of business during the forenoon of the day in question after 8:30 o'clock in the morning; that he did not return until 2 o'clock in the afternoon, and that he did not sell whisky to the state's witness as testified by him; that he did not see Jennings on that day while he (defendant) was at his store. One Jeff Furguson, who was examined as a witness for the defend-

ant, testified that he was in the defendant's place of business during all of the forenoon of the day in question; that he was in charge of the defendant's business as an employee; that the defendant was not there after 8:30 o'clock in the morning until about 2 o'clock in the afternoon; and that the state's witness Jennings was not in the defendant's place of business on the forenoon in question. Testimony in behalf of the defendant, by his witnesses Law Davis and W. H. Marion, tended to show that the state's witness had made conflicting statements in reference to the transaction and sought to obtain money from the defendant in connection with his (Jennings) testimony as a witness in the case. The defendant introduced two witnesses who testified to the good character of the defendant, and the state introduced two witnesses who testified to the good character of the state's witness.

On the cross-examination of the state's witness, the defendant's counsel asked him, "Where did you go from there?" having reference to the time and place of the illegal transaction in question testified to by the state's witness. The solicitor objected to the question, and the court sustained the objection, and refused to permit it to be asked. If the state's witness had testified truthfully on his direct examination, the defendant was undoubtedly guilty, and the defendant necessarily must rest upon discrediting or showing the falsity of the testimony of this witness. Under such circumstances the range of cross-examination should not be restricted within bounds so narrow as not to embrace questions affording the defendant a reasonable opportunity to test the accuracy, and show, if he can, the falsity of the statements of the witness as to his whereabouts, etc., just prior to or immediately after the transaction in question. The defense depended upon showing that the

testimony of the state's witness was a fabrication, and the defendant's right of cross-examination, if so abridged and confined to such limits as to be useless to him, amounts to a denial of an absolute and valuable right; for, while the court has a large discretion as to the range and extent to be permitted on cross-examination, the discretion does not extend to the denial of cross-examination going to substantial matters within legitimate bounds. The power of cross-examination should not be curtailed to an extent that it would not serve its purpose of being an "efficacious means available for the exposure of artful fabrications of falsehood by witnesses in our courts of justice.—*Davis v. Hays,* 89 Ala. 563, 8 South. 131.

No doubt the court's ruling was based on the idea that it was not permissible to prove any subsequent act of the witness after purchasing the whisky, which act constituted the offense charged; but it is not a question of whether such testimony was admisible with reference strictly to the main transaction. The range of inquiry on cross-examination is not confined to such limits, but must, of necessity, have greater latitude.— *Clark v. Ziegler,* 85 Ala. 154, 4 South. 669; *Davis v. Hays, supra.* The purpose and object in propounding the question is clearly shown, not only to have reference to proving where the witness went after he bought the whisky, but to challenge and test by pertinent and substantive cross-examination the truth of the witness' statement of having been at the defendant's place of business at the time testified to by him on direct examination. It was important to the defendant to sift the testimony of the state's witness in reference to his whereabouts and movements in connection with having been at the place at the time testified to by him, with the object of destroying the effect or showing the fab-

[Jones v. The State.]

rication of the testimony given on direct examination, and the right of the defendant to do this in an appropriate way, it seems to us, was denied by the court in refusing to permit the question to be propounded.— *Yarbrough v. State,* 115 Ala. 92, 22 South. 534. See, also, *Buist v. Guice,* 105 Ala. 518, 16 South. 915; *Insurance Co. v. Copeland,* 86 Ala. 551, 6 South. 143, 4 L. R. A. 848; *Snell v. Roach,* 150 Ala. 469, 43 South. 189.

The erroneous ruling of the court in refusing to allow the defendant to subject the witness Jennings to proper cross-examination within legitimate bounds must work a reversal of the case, and a discussion of the other questions presented is unnecessary.

Reversed and remanded.


*Violating Prohibition Law.*

