titled to the use of his property for any purpose to which it might be devoted, and for which he was able to rent it; and the fact that he may have been obliged to rent it for a purpose in which artificial light could be used to better advantage does not prevent him from recovering what he might have received if he had been able to rent the premises with the advantages of natural light.   Whether the trial judge intended to withdraw this portion of the charge, it is clear from the result that it left its impression on the mind of the jury, for they awarded the plaintiff but six cents damages, while the proof indicates that his loss was of a more substantial character.   As the value of property results wholly from its use, it follows that to deprive the owner of its most advantageous use is a deprivation of property.   Indeed, all that is beneficial in property arises from its use, and the fruits of that use; and whatever deprives a person of them deprives him of all that is desirable or valuable in the title or possession; and whatever limits or interferes with the most advantageous use of the property does a substantial injury to the title and possession, which is not compensated by nominal damages.   For these reasons, and without considering the other exceptions in the case, it follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to abide the event.

---

### DALZELL *v.* FAHYS WATCH-CASE CO.

*(Superior Court of New York City, General Term.   January 11, 1892.)*

1. PLEADING—SUFFICIENCY OF COMPLAINT—CONDITIONS PRECEDENT.

> In a complaint upon an agreement providing that plaintiff should assign all of his "right, title, and interest in all inventions and letters patent," etc., in consideration of which defendant was to do certain things, an averment that plaintiff did duly assign to defendants, on request, "the letters patent aforesaid," is insufficient, in that it fails to show assignment of plaintiff's inventions also.

2. SAME.

> Code Civil Proc. § 533, which provides that, in pleading performance of a condition precedent in a contract, it shall not be necessary to state the facts constituting performance, but that plaintiff may generally allege performance on his part, does not apply where plaintiff specifically sets out in his complaint a condition precedent to be performed by him, and then fails to allege performance of such condition in specific terms.

Appeal from special term.

Action by Allan C. Dalzell against the Fahys Watch-Case Company.   From a judgment sustaining a demurrer to the complaint, plaintiff appeals.   Affirmed.

For former report, see 9 N. Y. Supp. 713.

The opinion of SEDGWICK, C. J., at special term, was as follows:   "The demurrer should be sustained on the following grounds:   The complaint does not show the performance of the agreement on the plaintiff's part, which was to be the consideration of the obligations of defendants on which the action was brought.   It is as follows:   'The said Allan C. Dalzell hereby agrees to assign,' etc., 'all the right, title, and interest in all inventions and letters patent,' etc.; 'in consideration of which, the said Fahys Watch-Case Company hereby agrees,' etc.   There is no allegation of any assignment of inventions.   The condition of the obligation to assign was to be a request in writing to Dalzell so to assign said letters patent.   Upon such request being made as to letters patent, Dalzell was to assign inventions, as well as patents.   The complaint does not sufficiently allege that the letters patent and inventions which the plaintiff had procured or made at the time of the alleged assignment were assigned.   The averment of being the 'same letters patent mentioned in the contract' may be descriptive of the letters patent said to have been assigned, but does not express or imply that such letters were all that the plaintiff had procured at the time of the supposed assignment.   The averments as to the assignments by plaintiff are not sufficient.   They are that

'on,' etc., 'plaintiff did duly assign,' etc., 'unto defendants, or for its use, and at its request, the letters patent aforesaid.' The legal effect of a written instrument or of a verbal transfer may be sufficient without setting forth the words of the assignment or transfer. On the face of the complaint such legal effects are not averred, but it is stated to be to the defendant, or if not to him, then to his use. The branches of the alternative are not identical. Assuming that the transfer was to the use of defendant, even if requested, that is not, by the contract set forth, the assignment that was to be made. The statement that 'it was under and by virtue of said annexed contract' is contradicted by the face of that contract, unless facts are supposed, which are not set forth, which would make a transfer to use a compliance with the terms of the contract; otherwise, there would be an expression of opinion by the complaint as to the transfer for the use being made under and by virtue of the contract. The general allegation of the performance of conditions precedent are not to be deemed to embrace matter as to which the plaintiff has specifically pleaded, even if the payments of consideration and the transfer are conditions precedent, within the meaning of section 533 of the Code of Civil Procedure. Judgment for defendant that demurrer be sustained, with leave to amend on payment of costs of demurrer."

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

*Wilber & Oldham,* for appellant. *Wetmore & Jenner,* for respondent.

PER CURIAM. The judgment should be affirmed, with costs, upon the opinion tendered by the learned chief judge at special term; with leave, however, to the plaintiff to amend upon payment of costs.

---

### POTTIER & STYMUS MANUF'G CO. *v.* NOEL.

(*Superior Court of New York City, General Term.* January 11, 1892.)

ASSIGNMENT—WHAT CONSTITUTES—EVIDENCE.

In an action against A., defendant pleaded as a counter-claim a debt to the firm A. & Son, alleged to have been assigned to defendant by that firm, composed of defendant and his son. There was no written evidence of the assignment, and no symbolical delivery of the claim shown, nor was the same charged to defendant on the books of the concern, and the only evidence of the assignment was the testimony of the son that the indebtedness was to be transferred. *Held,* that the decision of a referee rejecting the counter-claim should be affirmed.

Appeal from judgment on report of referee.

Action by the Pottier & Stymus Manufacturing Company against Auguste Noel. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

*Abram Kling,* for appellant. *Chas. M. Hall* and *Elbert Crandell,* for respondent.

McADAM, J. The answer admitted the cause of action, and pleaded a counter-claim of $803.06 in favor of A. Noel & Son, (a copartnership firm composed of the defendant and his son,) under a transfer alleged to have been made by that firm to the defendant before the commencement of the action. The reply put in issue both the counter-claim and assignment. The referee, although requested by the defendant, refused to find as matter of fact that any assignment had been made as alleged. This is tantamount to an affirmative finding that no transfer was ever made in fact. If this finding is justified by the evidence, it becomes unnecessary to consider any of the other questions in the case, because, if there was no assignment, the joint demand in favor of the firm of A. Noel & Son could not be used as a counter-claim to an action against A. Noel individually. *Hopkins* v. *Lane,* 87 N. Y. 501; Code Civil Proc. § 501. The assignment was oral, not in writing, and, in such a case, whether what was said amounts to an assignment depends upon the intention