(13 Misc. Rep. 503.)

## WEEKS v. O'BRIEN.

(Superior Court of New York City, General Term. July, 1895.)

PLEADING—AMENDMENT—TERMS.

In an action on a building contract the complaint was dismissed on the ground that it did not show that plaintiff had obtained the architect's certificate as required by the contract, and the judgment was affirmed by the general term. On appeal to the court of appeals it was held that the complaint was defective for such reason, but the judgment was reversed on the ground that defendant's cross-examination of plaintiff brought out facts showing that the certificate was unnecessary. Afterwards plaintiff brought the case on for trial again, without asking for leave to amend his complaint. *Held,* that leave should be granted to plaintiff to amend on the trial only on condition of his paying the cost of the action, including the costs of the general term.

Appeal from special term.

Action by Benjamin Weeks against James O'Brien, as executor, etc. From an order granting leave to plaintiff to amend his complaint on payment of $50 costs, defendant appeals. Modified.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Abram Kling, for appellant.

George W. McAdam, for respondent.

FREEDMAN, J. To a just and proper determination of the present appeal it is necessary to consider the history of this case. In 1882 an action was brought in the supreme court by a brother of plaintiff, as his assignee, against Ella O'Brien, the defendant's testatrix, upon the contract mentioned in the complaint of this action, and upon a trial of the said action the complaint was dismissed, with $325 costs to the defendant, and upon appeal from the judgment the appeal was dismissed, with $62 costs to the defendant. Neither of these costs have ever been paid. The claim was subsequently reassigned to the plaintiff, and he thereupon, in 1887, instituted this action upon it in this court against defendant's testatrix. Upon the trial of that action plaintiff's complaint was dismissed

on the ground that, whereas the action was upon the building contract, and the complaint alleged full performance, the plaintiff had never procured the architect's certificate, which, by the contract, was a condition precedent to a right of recovery; and that the complaint failed to state facts constituting an excuse for not procuring the certificate. The judgment entered upon such dismissal was affirmed by the general term. Upon plaintiff's appeal to the court of appeals it was also held that the complaint, for the reasons above stated, was fatally defective (Weeks v. O'Brien, 141 N. Y. 149, 36 N. E. 185), but the court of appeals reversed the judgment, and ordered a new trial on the ground that defendant's counsel, on his cross-examination of the plaintiff, had examined him on new matter not involved in his direct examination, but relating to defendant's counterclaim, and in this way had brought out facts from which it appeared that after all the certificate of the architect was no longer necessary. After all these admonitions that the complaint was insufficient to sustain a recovery under it unless the defendant saw fit to waive the point, the plaintiff, without having made any application for leave to amend, again brought his case on for trial. But this time defendant's counsel rendered no assistance. From the very start he insisted that the plaintiff should be compelled to prove his case as he had alleged it, and all testimony sought to be given by the plaintiff to establish an excuse for not obtaining the certificate was duly objected to, and thereupon excluded by the trial judge. The futility of further proceeding having become apparent, the plaintiff asked leave to withdraw a juror for the purpose of moving at special term for leave to amend his complaint. The motion was granted upon condition that the question of terms, inclusive of the terms which might have been imposed by the trial judge, should be reserved for consideration at special term on the hearing of the motion for leave to amend. It was under these circumstances that the motion last referred to was heard and granted at special term. The plaintiff was not entitled, as matter of right, to have the proposed amendment allowed. The granting of the motion and the terms to be imposed as a condition, rested in the sound discretion of the court. The amendment involved a radical change of the cause of action from one based on full performance of the contract to one of partial performance by the plaintiff, and waiver of full performance and acceptance of the incomplete work by the defendant. Under these circumstances, and considering the consequences likely to flow from the granting of the amendment, and in view of the defendant's contention that the plaintiff is wholly insolvent, the terms imposed were inadequate. In the exercise of a just discretion, the plaintiff should have been required to pay the costs of the action in this court, inclusive of the costs of the former general term.

The order appealed from should be modified accordingly, and, as thus modified, affirmed, with $10 costs and disbursements.