(24 Misc. Rep. 225.)

SMITH v. WETMORE et al.

(Supreme Court, Special Term, Queens County.　July, 1898.)

1. APPEAL IN EQUITY—INCOMPETENT EVIDENCE.

It does not matter on appeal in an equity case that incompetent evidence was received, provided it is found that the findings of fact are sufficiently supported by competent and probative evidence, and justice has been done.　The technical rules of evidence of the common-law courts were never adopted by, and did not and do not prevail in, chancery, or in the trial of equity causes.

2. PLEADING—CONDITIONS PRECEDENT—PERFORMANCE.

The common-law rule of pleading, requiring the plaintiff to particularly plead each condition precedent, and compliance therewith, or the reason or excuse for noncompliance, has been superseded under our system of pleading, and a general allegation of performance by the plaintiff enables him to prove that the defendant waived or prevented compliance with such a condition, or any sufficient excuse for noncompliance; and this applies to a provision in a building contract requiring the contractor to obtain a certificate of the completion of the work from the architect or engineer in charge, in order to have the right to demand payment.

Suit by Alonzo Smith against Charles W. Wetmore and others to foreclose a lien.　Judgment for plaintiff.

H. A. Monfort, for plaintiff.

G. W. Weiffenback, for defendants.

GAYNOR, J.　This is a suit to foreclose a mechanic's lien for work done and material furnished under a contract to construct a canal in from tidewater and a basin at the head of it.　I find that the plaintiff substantially performed.　He did not lay the plank walk around the bulkhead of the basin because the other party to the contract prevented him.　The dredging was done and the bulkhead built.　The crumbling and silting in of the banks and the weakness of the bulkhead are due to the plan on which the work was constructed, and not to any default or neglect of the plaintiff.　The change from piles about 12 feet back of the bulkhead to horizontal logs sunk in the ground much farther back, for the purpose of holding the bulkhead up by means of tie rods, was found to be necessary as the work progressed, for the reason that the caving ground would not hold the piles up with the weight of the bulkhead upon them by means of the tie rods, and the change was made by mutual consent.

Many objections and exceptions to admissions of evidence were strenuously taken for the defendants.　I have considered them all in determining what competent and probative evidence there is in the case.　The rules of evidence of the common-law courts were never adopted by and did not prevail in chancery.　All kinds of testimony was and is taken in equity suits.　It was and still is in many jurisdictions the practice for the evidence to be taken before masters or commissioners, and for them to take everything.　The chancellor or equity judge was and is presumed to know on reflection what is competent and probative; and the question on review of his decision is whether his findings of fact are sufficiently supported by competent evidence, and substantial justice has been done.　It does not matter that incompetent evidence was received, provided it is found that

the findings of fact are sufficiently supported by competent and probative evidence and substantial justice has been done. A chancery judgment never was and is not now (unless through inadvertence) reversed for mere technical error according to common-law rules of evidence in the admission of evidence. De St. Laurent v. Slater, 23 App. Div. 70, 48 N. Y. Supp. 1103. And yet it has grown common for counsel to be as formal and insistent in respect of objections and exceptions as though they were before a jury in a common-law action, and to take it as error, and sometimes as a grievance, for the equity judge to say as chancellors have said from the beginning, that he will take the evidence and see. Where evidence is plainly irrelevant, immaterial or incompetent, the chancellor or equity judge, when he and not a commissioner is sitting, excludes it only to save time. Its admission would do no harm. The harm would be to base a finding upon it. This is never presumed to be the case, however, unless there is found on review to be insufficient competent and probative evidence to support the finding.

It was also insisted by the learned counsel for the defendant that the reason why the certificate to the completion of the work by the engineer as required by the contract was not given, could not be proved for the reason that the same was not specifically pleaded. I do not understand that any such rule of pleading survives. Under common-law pleading it was necessary for the plaintiff to particularly plead each condition precedent, and compliance therewith, or the reason or excuse for noncompliance, such as that the defendant waived or prevented compliance; but under our system of pleading such particularity has been made unnecessary, a general allegation that the plaintiff performed on his part sufficing to enable proof to be made either of actual compliance with each condition by both parties, or that plaintiff performed by doing all that he was required to do in compliance and the defendant failed, or of excusable noncompliance. Code Civ. Proc. § 533; McManus v. Assurance Co., 22 Misc. Rep. 269, 48 N. Y. Supp. 820, and authorities and case there cited. This rule is of every-day application in actions upon insurance policies, in respect of provisions thereof for notice of the fire, furnishing proofs of loss and the ascertainment of the amount of loss by agreement or by appraisal, as conditions precedent to a right of action. Supra. If applicable to such conditions, why not to a provision in a building contract requiring the certificate of an architect or engineer as a condition precedent to a right to demand payment of the contract price? Why under such a contract, the same as under a contract of insurance, may not the plaintiff under a general allegation of performance of all conditions of the contract by him, show that the defendant waived the certificate, or wrongfully prevented him from obtaining it? In the case at bar the defendant party to the contract superseded the plaintiff before he had completely finished, and prevented the engineer of the said defendant from giving the certificate. I have carefully examined the very able brief of the learned counsel for defendants, and especially the case of Weeks v. O'Brien, 141 N. Y. 199, 36 N. E. 185, which he cites upon this head. A careful reading of that case will show that the

headnote of the reporter is not justified by the actual decision. In fact the point was not actually decided at all, notwithstanding the remarks thereon in the opinion. The dismissal of the complaint by the trial judge for lack of such allegation was reversed. The suggestion found in the opinion that under a general allegation of the complaint of compliance with all the conditions of the contract to be performed by the plaintiff, he may not prove that he did all that he was required to do, and show actions of the defendant preventing or excusing full execution of a condition, or amounting to a waiver, was not necessarily involved in the actual decision of the court; and I suppose I may with full respect say is contrary to what has long been the understanding of bench and bar, as well as to the decision in Bogardus v. Insurance Co., 101 N. Y. 328, 4 N. E. 522, and other cases which might be cited. Reference to the cases cited in the said opinion will show that no such question was decided or even mooted in any of them, and that they related to proof, not to pleading; except the case of Oakley v. Morton, 11 N. Y. 25, which arose before the change of the common-law rule of pleading by statute (Code Proc. § 162; Code Civ. Proc. § 533) was made.

Judgment for the plaintiff.