(47 App. Div. 592.)

## CONOLLY v. HYAMS.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

1. BUILDING CONTRACT—INSTALLMENTS—RECOVERY—ARCHITECT'S CERTIFICATE.
   Where a contractor agreed to erect a building for a given price, payable in installments, on the architect's certificate, the obtaining of such certificate was a condition precedent to the contractor's right to recover a final installment due under such contract.
2. REFEREE'S FINDING—EFFECT—DISMISSAL WITHOUT PREJUDICE.
   Where a referee found that a contractor was not entitled to recover a final installment due on a building contract, because no architect's certificate had been obtained as required, such determination did not prevent the contractor from recovering such installment after obtaining the certificate; and hence the referee should have dismissed the complaint without prejudice, only, and not on the merits.
   O'Brien, J., dissenting.

Appeal from judgment on report of referee.

Action by Henry A. Conolly, as surviving partner, etc., against Rosalie Hyams, as executrix of Joel Hyams, deceased. From a judgment in favor of defendant, on a referee's report dismissing plaintiff's complaint on the merits, he appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Benjamin Yates, for appellant.
Abram Kling, for respondent.

RUMSEY, J. The action was brought to foreclose a mechanic's lien. The complaint was dismissed without costs. Both parties appeal,—the plaintiff from so much of the judgment as dismissed the complaint, and the defendant from so much as refused costs to her. The plaintiff contracted to put up a building for the defendant's testator at a certain price, to be paid in installments. It was provided in the contract that a certificate should be obtained from and signed by the architect before an installment should become payable. The action was brought to recover the last installment. The plaintiff alleged full performance of the contract. That was denied by the defendant. There was a serious conflict of evidence as to whether the certificate had been procured from the architect, entitling the plaintiff to recover the last installment; the plaintiff insisting and giving evidence that the certificate had been given, and the architect testifying that he did not think he gave a certificate, and that it had never been asked for. Upon that issue the referee found for the defendant, and dismissed the complaint. The plaintiff was bound to produce the certificate before he was entitled to his payment, and that certificate was a condition precedent to his right to be paid in full. Until he produced it, he was not entitled to recover. Weeks v. O'Brien, 141 N. Y. 199, 36 N. E. 185. The finding of the referee was sustained by the evidence. Therefore his dismissal of the complaint was correct. But the failure to obtain a certificate did not take away permanently the right of the plaintiff to be paid whatever was due to him upon the contract. When that certificate shall have been obtained, the defect in his cause of action will be supplied. The determination of the referee was not, therefore, an adjudication that the plaintiff could never recover, but was simply a determination that the bringing of the action had been premature, and amounted in effect to a nonsuit. The complaint should not, therefore, have been dismissed absolutely, and the judgment should be modified to read that the complaint was dismissed, but "not upon the merits." The question of costs was within the discretion of the referee, and, upon the whole case, we see no reason for interfering with the manner in which he exercised it. The defendant's appeal should therefore fail.

The judgment should be modified by inserting after the word "dismissed" the words "but not upon the merits," and, as so modified, be affirmed, with costs to the respondent. All concur, except O'BRIEN, J., who dissents.

O'BRIEN, J. (dissenting). The complaint was silent as to whether the architect's certificate was or was not given, and although that issue was presented by the answer, and met by the reply, it was one to which the referee gave undue importance, by deciding the case on that point alone. During the work, although the contract provided at different stages thereof for eight separate certificates, it appears that, exclusive of the final one, in dispute, there were but three given, and that, regardless of their presentation, payments were made by the defendant. It will be noticed, there-

fore, that the parties to the contract during the progress of the work did not attach much importance to them, as shown by the testimony that, when the suggestion was made that a certificate had been procured, the defendant stated that he did not care whether it was or not, as he would himself determine whether the payment was due or not, regardless of the certificate. If the rights of the parties are concluded by whether the architect's certificate for the eighth or last payment under the contract was or was not given, then I agree with Judge RUMSEY that, that question having been resolved, upon conflicting evidence, in defendant's favor, the judgment should not be disturbed. I think, however, considering the manner in which the trial proceeded, that there was, apart from the certificate of the architect, the issue to be determined as to whether the contract was substantially completed. This, upon the trial, was what both sides proceeded to litigate, as will be seen, not alone from the plaintiff's evidence, but by the cross-examination entered upon by the defendant, directed to showing that plaintiffs had not completed or substantially performed the contract, and that the defendant had given a notice which, under the fourth section thereof, he had the right to give,—that he intended, upon plaintiff's refusal, to proceed and complete the work. There thus arose a condition of affairs where the provision as to the presentation of the architect's certificate was inapplicable. The contractor was insisting that the contract was completed, and the owner was equally as insistent that it had not been, and proceeded, under the clause of the contract entitling him to do so, to finish such work as he claimed had been left undone. I think, therefore, under the case referred to by Mr. Justice RUMSEY, of Weeks v. O'Brien, 141 N. Y. 199, 36 N. E. 185, that it was error for the referee to dismiss the complaint upon the ground that no architect's certificate was given, but instead thereof he should have proceeded to determine to what extent the owner had been obliged to pay for completion, and this amount should have been deducted from the last payment. Evidence of just what it cost defendant was given, and, without crediting any of the plaintiff's evidence as to the extent and value of the work thus done, there would be due the plaintiff an amount equal to just about what was offered in the shape of a judgment. While the offer of judgment was not before the referee, and is not before us, for consideration, it is referred to merely for the purpose of showing that there was no real dispute as to what the plaintiffs should receive, if entitled to receive anything. As said in Weeks v. O'Brien, supra:

"We think, this issue as to the completion of the work by the defendant having been opened by the counsel for the defendant, and it appearing from his evidence that no certificate was necessary to enable the plaintiff to recover the difference between the last installment and the amount expended by the defendant in completing the work, the complaint should not have been dismissed upon the ground upon which the motion was granted, but that the case should have gone to the jury upon the question so litigated."

It is urged, however, that the lien was filed and the suit begun before the completion of the work, and was therefore premature. But this was not conclusively established, there being evidence on

the part of the plaintiffs from which a different inference or conclusion could have been reached. According to the plaintiffs, they "got through work about the middle of January," 1889, having on December 27, 1888 "agreed to finish." The lien was filed January 24, 1889, and, though work was done by the defendant on the building thereafter, it was not work included in the contract. There was further testimony that, although the plaintiffs' work was finally completed in January, it was substantially done on December 27, 1888, when the building was taken possession of by the defendant and partially occupied. It also appears that, though no change was made in writing in the original plans, there were verbal changes agreed upon, by which the scope of the plaintiffs' work was materially altered. Mr. Hyams himself, before December, 1888, sublet some of the work originally included in the specifications, and certain additional work. Just what work the parties had in mind on December 27, 1888, when the plaintiffs agreed to do all the remaining work, is not certain; but, considering Mr. Hyams' conduct in subletting part of the work which was done under his personal supervision, it is a fair inference that that agreement related to such work as it was then mutually arranged the plaintiffs were to finish. And, in this connection, some importance is to be attached to the seventh certificate, which stated that the building "was completed," from which it would reasonably appear that, with respect to any work remaining to be done, the parties then reached an understanding by which the building was accepted under plaintiffs' agreement to finish certain work then agreed upon. In other words, it appears that the terms of the original contract were changed by Mr. Hyams, by virtue of the provision therein permitting him to make such changes, and that a new agreement for the uncompleted portion of the building was entered into; that at that time—in December, 1888—the plaintiffs' work was substantially performed, and was finally completed by the middle of January, before the lien was filed. It is unnecessary to determine just what amount the defendant should be allowed to deduct from the final payment, as that would be a proper subject for the consideration of the referee upon a new trial, if granted, provided he reached the conclusion that in December, 1888, the original contract was abrogated pro tanto, and a new agreement entered into between the parties, by which certain work was to be done by the plaintiffs, and additional work by the defendant himself, which latter, so far as it affected the value of the work which the plaintiffs were to do under the original contract, was to be allowed the defendant, and deducted from the final payment. I am therefore of the opinion that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.