HARRIET M. Fox, Respondent, *v.* JOSEPHINE N. COWPERTHWAIT, Appellant.

*Pleading — an allegation of due performance of all the conditions of a contract held to be sufficient where payments were to be made only with the assent of a third person.*

A building loan agreement, under which the lender was to advance certain moneys as a building progressed, provided that the work should be done under the supervision and satisfaction of a certain person, and that payments thereunder "shall be made only with the assent of Morris P. Ferris, attorney for the mortgagee, and only upon his being satisfied with (that) the work on said building is faithfully and properly done, and far enough advanced to justify said payments."

In an action brought against the person who made the building loan agreement by a sub-contractor who was to be paid out of the sixth payment due thereunder, the complaint alleged that the plaintiff duly performed all of the conditions to be performed on her part of the agreement between her and the contractor, and that the contractor duly performed all of the conditions necessary to entitle him to the sixth payment.

*Held,* that the complaint contained a sufficient allegation of performance, even if the provisions above quoted, as to the supervision of the work and the assent to its having been faithfully executed, constituted conditions precedent.

*Semble,* that if the assent of Mr. Ferris to the payments under the building loan agreement was not a condition precedent, it was not necessary for the plaintiff to plead such assent.

APPEAL by the defendant, Josephine N. Cowperthwait, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 5th day of January, 1901, upon the decision of the court, rendered after a trial at the Westchester Special Term, overruling a demurrer to the complaint.

*Morris P. Ferris*, for the appellant.

*James W. Purdy, Jr.*, for the respondent.

JENKS, J. :

This is an appeal from an interlocutory judgment overruling a demurrer. Plaintiff, a sub-contractor, complains that the defendant and a contractor executed an agreement whereby the defendant was to advance certain payments as a building progressed, and that plaintiff was to be paid out of the funds due on the sixth payment named in that agreement, which provided, *inter alia*, that the work should all be done under the supervision and to the satisfaction of Henry E. Hillier, and that the various payments " shall be made only with the assent of Morris P. Ferris, attorney for the mortgagee, and only upon his being satisfied with (that) the work on said building is faithfully and properly done, and far enough advanced to justify said payments ; and that said bond and mortgage is a first and prior lien upon the property, as to which the said attorney is to be the sole judge." The complaint alleged that the said plaintiff duly performed all of the conditions of said agreement to be performed on her part between her and Geoghegan, the said contractor, contained in the contract annexed thereto and marked Exhibit B ; that the said Geoghegan duly performed all of the conditions between him and the defendant on his part to be performed to entitle him to the sixth payment, as set forth in the contract annexed thereto and marked Exhibit A.

The defendant demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action, argues that the plaintiff does not plead the performance of the conditions relative to the supervision of Mr. Hillier and the assent of Mr. Ferris, and relies upon the authority of *Weeks* v. *O'Brien* (141 N. Y. 199), which, he states, lays down the rule that " where a building contract contains a condition requiring an architect's certificate of completion of the contract, before payment of the last installment, it is essential in an action upon the contract to recover that installment, to allege in the complaint performance of that condition, or set forth facts excusing plaintiff from procuring the certificate." This is an accurate quotation of part of the head note, but the court, in

the opinion, says: "By the true construction of the building contract, the procuring by the plaintiff of the certificate of the architect that the building had been completed was a condition precedent to his right to recover under the contract the last installment of $6,158, for which this action is brought. To meet this condition, and to show a right of action, it should have been averred in the complaint, *either generally or specially*, that the conditions precedent had been performed, or, if the plaintiff relied upon a matter excusing him from procuring the certificate, the facts should have been stated." Examination of the complaint in *Weeks* v. *O'Brien* (*supra*) in the record before the Court of Appeals (Vol. 1193, Law Library in Brooklyn) shows that it does not contain any allegation whatever concerning the architect's certificate, or any general allegation that could refer thereto. I think that the allegations in the complaint in the case at bar meet the rule as laid down in *Weeks* v. *O'Brien* (*supra*). (See, too, *Bogardus* v. *New York Life Ins. Co.*, 101 N. Y. 328, 334.) Dr. Austin Abbott, in his Forms of Pleading (Vol. I, p. 196), sets forth a form that reads: " II. That the plaintiff duly performed all the conditions thereof on his part," and in his note thereto says: "If the contract provides that plaintiff shall procure an architect's certificate before defendant shall make payment, this general allegation of performance is held sufficient, and no special allegation that such certificate was obtained is necessary," citing authorities, among them being *Weeks* v. *O'Brien* (*supra*). " An allegation that the building was completed according to the terms of the contract is not sufficient. (*Weeks* v. *O'Brien*, *supra*.) " Slavish adherence to form books as a rule is a matter of taste. They are not invariably safe guides, but the research, learning and logic of Austin Abbott make his conclusions valuable to any court. Good pleading but required that the complaint should show that the plaintiff had done the work to meet the terms of the contract and that she had performed the conditions of the contract, and that the money was her due under the contract. If the assent of Mr. Ferris, as provided for in the contract, were a condition precedent, then the pleading is, in my opinion, sufficient for the reasons stated. The contract signed by Mr. Ferris shows his plenary powers as both attorney and agent of the lender. If such assent of Mr. Ferris were not a condition precedent, then I think it was not neces-

sary for the plaintiff to plead it. (*Bogardus* v. *New York Life Ins. Co., supra; Hubbard* v. *Chapman,* 34 App. Div. 252.) For it was not essential to the plaintiff's success to show that the defendant's obligation depended upon the " mental condition " of the defendant or of her agents, which they alone could disclose, but the law would have them satisfied with that which, in reason, should satisfy them. (*Duplex Safety Boiler Co.* v. *Garden,* 101 N. Y. 387.)

The judgment must be affirmed, with costs.

All concurred.

Interlocutory judgment affirmed, with costs.