SHUMAN v. GEORGE BACKER CONST. CO.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

CONTRACTS (§ 335*)—PERFORMANCE—ARCHITECT'S CERTIFICATE.

Where, in a suit on a building contract requiring production of an architect's certificate, the complaint failed to allege any excuse for nonproduction thereof or waiver, plaintiff was not entitled to recover, though he succeeded in proving that the architect seldom came to the building, and that previous payments had been made without production of the certificate.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664–1676; Dec. Dig. § 335.*]

Appeal from City Court of New York, Trial Term.

Action by George H. Shuman against the George Backer Construction Company. From a City Court judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Arnstein, Levy & Pfeiffer, of New York City (Samuel Levy and Reuben Rodecker, both of New York City, of counsel), for appellant.

Edward Herrmann, of New York City, for respondent.

BIJUR, J. Plaintiff sued to recover payments due for work done under a "uniform contract." The complaint failed to allege any excuse for nonproduction of the architect's certificate, or waiver of its production; such certificate being made, in the contract, a condition precedent to payment. Plaintiff, nevertheless, succeeded in introducing, over defendant's repeated objection, evidence that the archi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tect seldom came to the building, and that previous payments had been made to him without the production of the architect's certificate.

On the authority of Weeks v. O'Brien, 141 N. Y. 199, 36 N. E. 185, judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.