(160 App. Div. 119)

### SMITH v. CARY et al.

(Supreme Court, Appellate Division, Third Department. January 7, 1914.)

MECHANICS' LIENS (§ 271*)—COMPLAINT—PERFORMANCE OF WORK.

Code Civ. Proc. § 533, which provides that in pleading performance of a condition precedent in a contract it is not necessary to state the facts constituting performance, but the party may state generally that he or the person whom he represents duly performed all the conditions on his

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

part refers not only to conditions which the plaintiff may duly perform, but also to conditions precedent to be performed by some one else, that being a condition to be performed by plaintiff "on his part," and thereunder a complaint, in an action to foreclose a mechanic's lien, alleging that defendant promised to make the last payment when the job was completed and accepted by the architect, and that plaintiff did the work and had duly performed all the conditions of the contract on his part, was sufficient to cover the condition as to architect's acceptance.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 494–513; Dec. Dig. § 271.*]

Appeal from Trial Term, Madison County.

Action by Jeremiah R. Smith against Thomas H. Cary and another. From an interlocutory judgment sustaining the demurrer to the complaint, plaintiff appeals. Reversed, with leave to answer.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Joseph Beal, of Oneida, for appellant.
Coville & Moore, of Oneida, for respondents.

SMITH, P. J. This action was brought for the foreclosure of a mechanic's lien. The amended complaint sets out a builder's contract in which the defendant Thomas H. Cary agreed to pay a certain sum as follows:

"One-third when the roofing is completed; one-third when all the materials are on the premises; one-third when the job is completed and accepted by the architect."

The complaint further alleges that the plaintiff did the work and furnished the materials and "has duly performed all the conditions of the said contract on his part." Section 533 of the Code provides:

"In pleading the performance of a condition precedent in a contract, it is not necessary to state the facts constituting performance; but the party may state, generally, that he, or the person whom he represents, duly performed all the conditions on his part."

The complaint was demurred to upon the ground that it did not state facts sufficient to constitute a cause of action, and the learned trial judge sustained the demurrer upon the authority of Conolly v. Hyams, 47 App. Div. 592, 62 N. Y. Supp. 567; Weeks v. O'Brien, 141 N. Y. 199, 36 N. E. 185; Granger Co. v. B.-K. Iron Works, 204 N. Y. 218, 97 N. E. 523; and "several other authorities" which he does not mention by name. I think that both reason and authority are opposed to the judgment appealed from. The Conolly Case does not seem to be mentioned by the respondents in their points and does not involve any question of pleading. The Weeks Case holds merely that a complaint setting out a building contract containing the condition of an architect's certificate before payment must aver "either generally or specially that the condition precedent had been performed." It appears from Judge Jenks' discussion of this case in Fox v. Cowperthwait, 60 App. Div. 528–530, 69 N. Y. Supp. 912, that the complaint in the Weeks Case did not "contain any allegation whatever concern-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing the architect's certificate, or any general allegation that could refer thereto." In the case at bar the general allegation in the language of the Code seems fairly to refer to this matter of the architect's certificate or acceptance, and consequently the Weeks Case is not an authority for the respondents. The complaint in the Granger Co. Case apparently contains no reference either specially or in general terms to the condition of the architect's certificate and cites the Weeks Case to the effect that the complaint should aver "either generally or specially that the conditions precedent had been performed."

The only case cited by the respondents which seems to be in point upon the facts is that of Dalzell v. Fahys Watch-Case Co., 17 N. Y. Supp. 365, where it was held that section 533 does not apply where the plaintiff specifically sets out in his complaint a condition precedent to be performed by him and then fails to allege performance of such condition in specific terms. This case was reversed in 138 N. Y. 285, 33 N. E. 1071; the Court of Appeals, however, saying nothing about the holding of the case on the point just mentioned and reversing it on other grounds. The case accordingly is a poor authority for the respondents, even although the part of the opinion relied on by them does not appear to have been directly disapproved of by the Court of Appeals. In the case of Rowe v. Gerry, 86 App. Div. 349, 83 N. Y. Supp. 740, it was held that, where the plaintiff alleged, in suing upon a building contract providing for an architect's certificate, that he had duly performed all the conditions of said contract on his part to be performed, he was not entitled thereunder to give evidence excusing nonperformance on his part. But Judge Woodward, in reversing the case because of errors in admitting evidence as to excuses for nonperformance, said, "It is not alleged in the complaint that such certificate has been granted," thus implying that the general allegation of the complaint in the wording of the Code that due performance had been made was not a sufficient allegation. This remark seems purely obiter and was the only thing said on this point in his opinion.

The appellant relies on the Fox Case, already mentioned, and Vandegrift v. Bertron, 83 App. Div. 548, 82 N. Y. Supp. 153. In the Fox Case, which was in the Second Department, the supervision and assent of certain parties were necessary, and there was an allegation that the plaintiff and the contractor had duly performed all the conditions of the contract. It was held, upon the authority of the Weeks Case, that this was a sufficient averment of the performance of the conditions precedent, and the judgment of the Special Term overruling a demurrer to the complaint was affirmed. The opinion refers with approval to the pleading given in 1 Abbott's Forms of Pleading, p. 196, where the note reads:

"If the contract provides that plaintiff shall procure an architect's certificate before defendant shall make payment, this general allegation of performance (i. e., in the wording of the Code) is held sufficient and no special allegation that such certificate was obtained is necessary."

The author cites several cases from other states on this proposition, and also the Weeks Case. The Vandegrift Case was in the Fourth Department, and also holds upon demurrer, as regards the condition of

an engineer's acceptance, that the plaintiff may allege generally that he has performed all conditions of the contract in the wording of section 533. Neither this case nor the Fox Case have been overruled, nor do they appear to have been cited upon this particular point. It seems to me that they are both authorities in favor of the appellant's position, and I think they should be followed in the case at bar.

The respondents argue that section 533 of the Code refers only to conditions which the appellant may duly perform, and that acceptance by the architect is a condition precedent to be performed by some one else. This seems a most technical distinction. Generally speaking, all the conditions of a contract, precedent or otherwise, are to be performed by, or their performance is to be secured by, one party or the other to the contract. One of the two parties to the contract in every case must be specially interested in obtaining the performance of any condition that may in any way be within the power of an outside party to perform. I do not think that the Code provision mentioned intends to allow a party to a contract to allege generally performance when he is the one who actually performs the condition and not to allow him to plead performance in the same manner when he is vitally interested in obtaining the performance by another, even although the outside party may perform the act. It is commonly said that in builders' contracts the obtaining or securing of an architect's acceptance is a condition precedent to payment. At all events, it is the builder who is interested in obtaining and who does obtain, when he can, such an acceptance, and consequently it seems to me that the securing of such an acceptance is really a condition precedent to be performed by the builder "on his part," and so within the fair meaning of section 533. I accordingly am of the opinion that paragraph 3 of the complaint in this action was broad enough to cover, and would fairly be understood as covering, the requirement of the contract as to the architect's acceptance.

Judgment sustaining demurrer reversed, with costs.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with leave to defendant to withdraw demurrer, and answer upon payment of costs. All concur.