Frederick R. Meres, Respondent, v. James G. Emmons, Appellant.

*Insurance policy issued by an association of underwriters — meaning of a provision that judgment must first be recovered against the attorneys of the association — when it is improper to allow a deposition taken during the trial to be read thereon.*

In an action brought upon a policy of fire insurance issued by an association of underwriters, one of whom was the defendant, through their duly authorized attorneys and managers, it appeared that the policy provided: "No action shall be brought to enforce the provisions of this policy, except against the General Managers as attorneys in fact, and representing all of the underwriters, and each of the underwriters hereby agree to abide the result of any suit so brought as fixing his individual responsibility hereunder, and any such action must be brought in the Supreme Court in the City and County of New York. Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended; if such premiums shall be insufficient, then out of the deposit made by the several underwriters; if both shall be insufficient, then out of the individual liability of the several underwriters as hereinbefore expressed and limited."

It also appeared that the plaintiff had recovered a judgment against the attorneys and managers, but that no attempt had been made to enforce such judgment by execution or otherwise.

*Held*, that the obtaining of a judgment against the attorneys and managers and the exhaustion of all remedies against the fund in their hands was a condition precedent to any liability on the part of the individual underwriters;

That the plaintiff, having made no attempt to enforce the judgment against the attorneys and managers, could not recover without proof that the judgment against the attorneys and managers could not be satisfied out of the unexpended premiums in the hands of the underwriters or out of the deposits made by the several underwriters.

Upon the trial of an action it is improper for the court to allow to be read in evidence the deposition of a witness, taken before a notary public pursuant to permission granted by the court at a previous stage of the trial, where such deposition was not taken by consent of both parties and no affidavit or order therefor was made nor any referee or other officer appointed to take it.

Appeal by the defendant, James G. Emmons, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of June, 1904, upon the decision of the court rendered after a trial before the court without a jury at the New York Trial Term.

*George A. McDermott*, for the appellant.

*Mortimer M. Menken*, for the respondent.

INGRAHAM, J.:

The action was based upon a policy of insurance issued by certain underwriters doing business under the name of South American Union Underwriters of New York, by Daynes, Ryder & Co. as their duly authorized attorneys and managers. The execution of the power of attorney by the defendant, which authorized these agents to issue policies for him, was attempted to be proved by the same evidence as that offered in the case of *Schaffer* v. *Emmons* (103 App. Div. 399), and for the reasons stated in that case we are of the opinion that the power of attorney was not proved, and that its admission in evidence as against this defendant was error.

There is also in this case an exception to the erroneous admission of evidence. An action had been commenced against the attorneys and managers in which a judgment had been obtained in favor of the plaintiff. There was no evidence that any execution was issued upon that judgment or that any attempt was made to enforce it. This policy in suit provided that "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." It also contained the following provision: "The liability of each of the underwriters in case of any loss and the amount insured by each underwriter shall be his proportionate part of the aggregate amount payable to the insured upon such loss, and no one of the underwriters shall be, in any event, liable under this policy for any amount exceeding the sum of one hundred dollars. * * * No action shall be brought to enforce the provisions of this policy, except against the General Managers as attorneys in fact, and representing all of the underwriters, and each of the underwriters hereby agree * to abide the result of any suit so brought as fixing his individual responsibility hereunder, and any such action must be brought in the Supreme Court in the City and County of New York. Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended; if such premiums shall be insufficient, then out of the deposit made by the several underwriters; if both shall be insufficient, then out

---

* *Sic.*

of the individual liability of the several underwriters as hereinbefore expressed and limited."

Under these provisions before any action could be maintained against the individual underwriters, the plaintiff was bound to prove that the judgment against the general manager and attorney in fact could not be satisfied out of the premiums in the hands of the underwriters unexpended, or out of the deposit made by the several underwriters. As no attempt had been made to enforce the judgment against the agents it was essential for the plaintiff to prove that the fund provided for the satisfaction of the judgment against the general manager was insufficient to satisfy the plaintiff's claim. The plaintiff called the defendant Emmons who testified that he never had in his hands any unexpended premiums of this association, and that he never made any deposit with the manager's agents, Daynes, Ryder & Co., and never received any money from them. The court then intimated that it would hold that if the plaintiff had issued an execution against the fund and that execution was returned unsatisfied, there would be sufficient evidence to show that there was no fund from which the judgment could be paid ; but if there was no such execution the plaintiff was bound to prove that there was no fund existing, whether from the premiums paid or the deposits by the underwriters. The plaintiff not having rested, the court noted that he would allow the plaintiff to take the deposition of one of the managers who issued the policy. The record shows that on the next day the plaintiff offered " the deposition of George W. Ryder, taken yesterday afternoon, at his house in the Borough of Brooklyn, Kings County," and the plaintiff rested. Counsel for the defendant then objected to the reading of this deposition as incompetent, immaterial and irrelevant and not properly taken, in reply to which the court stated that he would reserve his decision. The defendant then moved to dismiss the complaint. The decision of this motion was also reserved. This deposition purported to have been taken before a notary public of Kings county.

It recited that counsel for the defendant objected to the examination proceeding and withdrew his consent to take the deposition. The witness was then sworn by the notary public and examined by the plaintiff's attorney and cross-examined by the defendant's attorney. No affidavit appears to have been submitted to the trial judge

upon which an application for an order to take the deposition of this witness was made, and no order was entered directing the examination of the witness. The record shows no consent by counsel to the taking of such deposition. No referee was appointed for such purpose, nor did the examination appear to have been taken before the court or any officer authorized to take it. The provisions of section 872 of the Code of Civil Procedure which prescribes the facts necessary to be shown to authorize the taking of the deposition of a witness were not complied with. When the deposition was offered to be read there was no compliance with section 882 of the Code of Civil Procedure, which prescribes what facts must be proved on the trial to entitle a party to read such a deposition in evidence, to justify the reading of the deposition. Its admission was error. Before plaintiff was entitled to recover as against the defendant he was bound to show that the fund out of which the judgment obtained against the managers or agents was first to be satisfied was not in existence. Obtaining a judgment against the attorneys and managers and exhausting all remedy of the insured against the fund in their hands was a condition precedent to any liability of the individual underwriters. (*Ketchum* v. *Belding,* 58 App. Div. 295.)

It follows that the judgment appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., PATTERSON and McLAUGHLIN, JJ., concurred; LAUGHLIN, J., concurred on last ground.

Judgment reversed, new trial ordered, costs to appellant to abide event.