ANTHONY SCHAFFER, Respondent, *v.* JAMES G. EMMONS, Appellant.

*Evidence — proof of execution of a power of attorney — when by a subscribing witness, he must swear that it was signed in his presence.*

Upon the trial of an action to recover upon a policy of fire insurance dated February 3, 1897, it appeared that the defendant's liability was dependent upon a certain power of attorney which was under seal and purported to be signed by the defendant and to be witnessed by one Holwill. The instrument was undated, the attestation clause being as follows: "In witness whereof, have hereunto set    hand and seal   this    day of,    189 ."

Holwill testified that his signature was attached to the instrument and that he witnessed the defendant's name therein; that "the power of attorney was

signed and witnessed by me before * * * February 3, 1897." He did not state, however, that he saw the defendant sign the instrument or that he was present when the defendant signed it or that the defendant had signed it prior to February 3, 1897. No evidence was given as to the defendant's handwriting or that he ever signed the instrument in question.

*Held,* that the execution of the power of attorney had not been proved and that it was erroneously admitted in evidence;

That, to prove the execution of an instrument by a subscribing witness, it is necessary to show that the instrument was signed in the presence of the witness.

LAUGHLIN, J., dissented.

APPEAL by the defendant, James G. Emmons, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of June 1904, upon the decision of the court rendered after a trial before the court without a jury at the New York Trial Term.

*George A. McDermott,* for the appellant.

*Mortimer M. Menken,* for the respondent.

INGRAHAM, J.:

The action was upon a policy of fire insurance. The defendant was one of the underwriters doing business under the name of the South American Union Underwriters, Daynes, Ryder & Co. being the attorneys and managers conducting and carrying on the business for the underwriters. The policy was dated February 3, 1897, and by it the underwriters insured the plaintiff to the amount set opposite their respective names, aggregating the sum of $1,500, for the term of one year, from the 2d of February, 1897, at noon. The premises were destroyed by fire on the 21st of September, 1897. The answer denied all of the material allegations of the complaint. An instrument was produced by a witness who had been in the employ of Daynes, Ryder & Co., who issued the policy of insurance as attorneys in fact and general managers for the defendant and the other underwriters. This instrument was without date, the attestation clause being, "In witness whereof,       have hereunto set       hand and seal       this       day of       , 189 ." It purported to employ and retain Daynes, Ryder & Co. as attorneys in fact upon the terms therein contained, was under seal and purported to be signed by the

defendant and witnessed by W. F. Holwill, Jr. Holwill was called and testified that in the year 1896 he was employed by Daynes, Ryder & Co. as policy clerk; that his signature was attached to this instrument; that he witnessed the defendant's name therein; that he should say the instrument was executed by the defendant the latter part of 1896 or 1897; that he could not state any more definitely; that he left the employ of the agents about June, 1897, and that before he left this power of attorney was executed; that this instrument called a power of attorney was signed and witnessed by the witness before the policy in suit was issued. The power of attorney was then offered in evidence, was objected to by the defendant, the objection overruled and the defendant excepted.

I do not think the execution of this instrument was proved. The witness nowhere says that he saw the defendant sign the instrument, or that he was present when the defendant signed it, his only evidence being that he witnessed the defendant's name on the instrument, and there is no evidence of the defendant's handwriting, or that he ever signed the instrument in question. To prove the execution of an instrument by a subscribing witness it is necessary to show that the instrument was signed in the presence of the witness. The instrument is undated, and while the witness testified that "the power of attorney was signed and witnessed by me before * * * February 3, 1897," he nowhere testified that the defendant signed it prior to that time, or prior to the time the policy in suit was issued. The instrument not being acknowledged and being undated, to entitle the plaintiff to recover it was essential that he should show that the defendant executed the power of attorney prior to the time that the policy in suit was issued. When asked by the court when the power of attorney was executed by the defendant, he said: "I should say the latter part of 1896 or 1897, the exact date I could not tell;" that he left the employ of the agents about the month of June, 1897, but could not say exactly when; that he could not say positively whether it was June, July or August that he left; could not say how long before he left the power of attorney was executed; and that the only thing he was positive about was that he signed and witnessed the power of attorney before February 3, 1897. There is nothing to show that

before he signed and witnessed it the defendant had signed it; nothing in fact to show that the defendant ever signed it.

It follows that the judgment appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

Van Brunt, P. J., Patterson and McLaughlin, JJ., concurred; Laughlin, J., dissented.

Laughlin, J. (dissenting):

I am of opinion that the signature to the power of attorney was proved, and I, therefore, dissent.

Judgment reversed, new trial ordered, costs to appellant to abide event.