# Flouss & Kennedy *v.* The Eureka Co.

### *Action for Damages for Breach of Contract.*

1. *Breaches must be alleged in complaint.*—The plaintiff having agreed and undertaken, for a specified price, to unload for defendant certain cars laden with lime rock "at such times and places as may be ordered

[Flouss & Kennedy v. The Eureka Co.]

by defendant," an action does not lie to recover the stipulated compensation, unless the service was ordered or directed by defendant, or was performed by his authority, express or implied ; and the fact that it was so done must be alleged in the complaint.

APPEAL from Jefferson Circuit Court.

Tried before the Hon. S. H. SPROTT.

This was an action brought by Flouss & Kennedy, a partnership, against the Eureka Company, a domestic corporation, to recover damages for an alleged breach of a contract set out in the complaint, which is in the following language : " The plaintiffs claim of the defendant one thousand dollars for the breach of the condition of an agreement entered into by and between the plaintiffs and the defendant, which was in words and figures as follows, viz : " *Memo.* of a contract entered into by and between the plaintiffs and the defendant, this the 1st of February, 1879, between the Eureka Company of the first part and Flouss & Kennedy of the second part, witnesseth, that the party of the second part agrees to unload in a prompt and satisfactory manner all the cars of coke and all the cars of iron ores and lime rock at such times and places as may be required and ordered by the party of the first part ; and, the said parties of the second part do further agree that they will furnish the tools, lights, implements, and everything necessary in said work, and keep the same in repair at their own cost. For and in consideration of the faithful discharge and performance of the above agreement by the party of the second part, the party of the first part hereby agrees to pay the said party of the second part seven cents per ton for all coal, and six cents per ton for all iron ores and lime rock so unloaded at their furnace at Oxmoor, Ala., for one year, to-wit : till February 1st, 1880.

EUREKA COMPANY,  [L. S.]
by J. W. Sloss, President;
FLOUSS & KENNEDY."  [L. S.]

" Yet, although the plaintiffs have complied with all the provisions of said agreement, on their part, the defendant has failed to comply with the following provisions, viz : by failing and refusing to pay said plaintiffs for any of the cars of lime rock that were delivered and unloaded at said furnace from the fifteenth day of July, 1879, to the 6th January, 1880, for which said defendant was required to pay said plaintiffs by the terms of said contract; wherefore plaintiffs bring this suit."

To this complaint, the defendant demurred :

" *First*, Because the said complaint shows that the contract sued upon requires the defendant to pay for only such cars of lime rock as were actually unloaded by plaintiffs, and the complaint shows that the defendant has paid the plaintiffs for all that said contract required the defendant to do."

[Ballard v. Johns.]

"*Second*, Because said complaint shows that the defendant was to pay the plaintiffs for only the lime rock unloaded at such times and places as may be required and ordered by the defendant, and this the complaint shows has been paid, and the complaint does not allege the contrary."

"*Third*, Because said complaint shows no right of action against the defendant." The court sustained the demurrers, to which ruling the plaintiffs excepted, and declined to plead over. Judgment was rendered for defendant, and the plaintiffs take this appeal.

GREGG & CABALOU; HEWITT, WALKER & PORTER, for appellants.

R. H. PEARSON, *contra*.

SOMERVILLE, J.—It is our opinion that the Circuit Court placed the correct construction upon the contract set out in the complaint. By its terms it imposed no obligation on the plaintiff to unload the cars except " at such times and places as may be ordered" by the defendant. The defendant would not, therefore, be liable to pay the contract price agreed to be paid for unloading the cars of lime rock, unless such service was ordered or directed, or unless it had been actually performed by the express or implied authority of the defendant, or its corporate agents or officers. The complainant fails to aver either of these alternatives. The failure of the defendant to order the service to be performed was within its discretion, and was not actionable, even had it been declared as a breach, which is not the case.

The demurrer was properly sustained, and the judgment is affirmed.