JOHN C. FOGG and GILBERT H. SCRIBNER, JR., Appellants, *v.* THE SUBURBAN RAPID TRANSIT COMPANY, Respondent.

*Building contract — burden of proof as to mechanics' liens — an objection that a condition precedent has not been performed need not be taken by demurrer or by answer — waiver.*

In an action brought to recover for work, labor, services and material it appeared that the written contract under which the work was performed expressly provided that, before the contractor would demand or should receive his final payment, he would furnish to the employer satisfactory evidence that all just liens and claims of his own employees. or upon the part of materialmen, had been fully satisfied, and that all materials and work embraced in the contract had been released from all such liens and claims. Upon the trial of the action the defendant proved that mechanics' liens existed against the work in question and against the moneys to become due thereon, which proof was objected to by the plaintiffs on the ground that such defense had not been pleaded.

Upon an appeal from a judgment dismissing the complaint,

*Held,* that under the language of the contract proof by the plaintiffs that no liens existed was a condition precedent to the plaintiffs' right to recover, and that having failed to make such proof they could not recover;

That the position taken by the defendant, that the plaintiffs had been paid in full, was not in any manner a waiver of the condition precedent that, before any payment was made, the plaintiff must show that no liens existed.

APPEAL by the plaintiffs, John C. Fogg and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 14th day of February, 1895, upon the dismissal of the complaint directed by the court after a trial at the New York Circuit before the court and a jury.

*L. J. Morrison,* for the appellants.

*Brainard Tolles* and *Julien T. Davies,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover for work, labor and services and materials furnished by the plaintiffs to the defendant.   Three causes of action are set out — one for work, labor and services and material furnished under and pursuant to a written contract entered into between the plaintiffs and the defendant ; the second and third, for extra work.

The plaintiffs, as part of their case, introduced in evidence the contract between the parties which provided for the performance of extra work, and also contained the following provision : " The party of the second part further agrees that he will present to the party of the first part satisfactory evidence that all just liens, claims and demands of the employees of the said party of the second part, or of parties from whom materials used in the construction of the work may have been purchased or procured, are fully satisfied, and that the materials furnished and work done under this agreement are fully released from all such liens, claims and demands before said party of the second part will demand or shall receive the sums due on final payment under this agreement."

The plaintiffs also gave evidence of the performance of the work and of the supply of the materials.   At the end of the plaintiffs' case the defendant moved to dismiss the complaint upon the ground that the plaintiffs had not complied with the condition of the contract above quoted, and had not presented any evidence upon the subject mentioned therein.   This motion was denied.   The defendant thereupon proceeded to prove that mechanics' liens existed against the work in question and the money to become due thereon, which evidence was objected to upon the part of the plaintiffs upon the ground that it had not been pleaded and that the plaintiffs had had no

opportunity to meet it.   After certain evidence of this kind had been given under the said objection the defendant rested, and the court dismissed the complaint, but not upon the merits.   From the judgment thereupon entered this appeal is taken.

It is evident from the nature of the record that the court dismissed the complaint because of the existence of the mechanic's lien of which evidence had been given.

It is urged that this was error, because no such defense was set up in the answer, and the admission of the evidence in question was, therefore, erroneous.   It may be true that if it had been necessary to set up any such defense in the answer it would have been error to have admitted the evidence.   But we think that the court would have been justified in dismissing the complaint unless affirmative proof was offered upon the part of the plaintiffs of compliance with the condition of the contract above mentioned.

It is urged that this condition of the contract was not a condition precedent, and that the defendant, not having pleaded the breach thereof, was not in condition to prove it.   But by the express phraseology of the provision it is manifest that it was a condition precedent, because it says that this evidence is to be furnished to the party of the first part (the defendant) before the party of the second part (the plaintiffs) " will demand or shall receive the sums due upon final payment under this agreement."   It would be difficult to see how a condition precedent could be expressed in more apt or appropriate terms.   Such provisions in respect to architects' certificates have always been held to be conditions precedent.   And if we were in need of authority for the support of this proposition we have it in the case of *Weeks* v. *O'Brien* (141 N. Y. 199).   In that case it is held that where a building contract contains a condition requiring an architect's certificate of completion of the contract before payment of the last installment, it is essential, in an action upon the contract to recover that installment, to allege in the complaint performance of that condition, or to set forth facts excusing the plaintiff from performing the condition, and that in order to avail himself of it the defendant is not required to present it by demurrer or answer, but may raise it on the trial.

It is claimed upon the part of the appellants that if compliance with the provisions of the written contract, in reference to proof

that no liens existed, was a condition precedent, compliance therewith was waived by the defendant, upon the ground that the position taken by the defendant was that the plaintiffs had been paid in full for the work done and materials furnished.

It would be a novel proposition to hold that an answer of payment could possibly be said to waive the performance of a condition precedent, which condition it was not necessary for the defendant to set up by answer, or, if the want of an averment of performance of such condition made the complaint defective, raise by demurrer.

It would seem, therefore, that the plaintiffs' proof was fatally defective, and the judgment must be affirmed, with costs.

PARKER and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs.