### KETCHUM v. BELDING.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

1. INSURANCE—LLOYD'S POLICY—CONDITIONS—VALIDITY.
    A condition in a Lloyd's fire policy binding the assured to resort first to an action against the attorneys for the underwriters, and then to a trust fund in the attorneys' hands, before he can sue the individual underwriters, is valid.

2. SAME—CONDITIONS PRECEDENT.
    Stipulations in a Lloyd's fire policy binding the assured to resort first to a suit against the attorneys for the underwriters to determine the fact of the underwriters' liability, and then to a trust fund in the attorneys' hands, before he can sue the individual underwriters, are conditions precedent to a right of action by him against an individual underwriter, and must be pleaded and proved in order to entitle him to recover.

Appeal from appellate term.

Action by Leonard C. Ketchum against Milo M. Belding, Jr. From a judgment of the appellate term of the supreme court (66 N. Y. Supp. 307) reversing a judgment of the general term of the city court (64 N. Y. Supp. 550) of the city of New York affirming a judgment for plaintiff, and also reversing an order of the general term affirming an order denying a motion by defendant for a new trial, and granting a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Albert Ritchie, for appellant.
George M. Mackellar, for respondent.

PATTERSON, J. This action was brought to recover from the defendant a proportionate part of a loss for which it is claimed he became liable as an individual underwriter under a policy of insurance issued in the form commonly known as a "Lloyd's policy." Among the conditions contained in the policy, is the following:

"In the event of litigation upon this policy, no action, suit, or other proceeding, either at law or in equity, shall in any event be begun or maintained by the assured for the recovery of any claim upon, under, or by virtue of this policy, or to enforce the provisions of this policy against the individual underwriters hereon, or any of them, until after suit shall have been brought against the attorneys for the underwriters, and for the full amount of the loss or claim, or full and complete relief claimed under this policy; and each of the underwriters hereon hereby agrees to abide the final determination of any such action, suit, or proceeding so brought, as fixing his individual responsibility under this policy. Judgment entered in such action against the said attorneys as such trustees as aforesaid shall be satisfied out of such trust fund in the hands of said attorneys. If such trust fund shall be insufficient to satisfy such judgment, then the assured may begin and maintain actions against the individual underwriters hereon upon their liability under this policy, as hereinbefore expressed, and limited upon their agreement to abide the final determination of any suit brought against the said attorneys as such trustees

aforesaid. In no event shall any action, suit, or proceeding to enforce the provisions of this policy, or any claim hereunder, be brought or commenced by the assured against the said individual underwriters, or any of them, until after the expiration of thirty days after a duly-issued execution against the said attorneys, as such trustees as aforesaid, has been returned unsatisfied in whole or in part."

The policy was underwritten by the defendant and 14 others, and was executed by attorneys for the underwriters. The contract is undoubtedly one of insurance, obligatory upon all the underwriters; but every term and condition of it is operative, and all those above quoted must be given effect, as essential parts of it. While the defendant assumed liability for a proportionate share of the loss, direct enforcement of that liability is made conditional upon a suit being brought in the first instance against the attorneys. The ascertainment and liquidation of the amount of the loss is to be made in such action, and primary resort to a fund in the hands of the attorneys is required. The nature, proper construction, and legal effect of such a stipulation in a policy of this character were determined in Leiter v. Beecher, 2 App. Div. 579, 37 N. Y. Supp. 1114. Such a stipulation is there held to be valid. It constitutes enforceable conditions. The question arising on this appeal and on this policy relates to this stipulation being one containing conditions precedent. In the complaint the plaintiff avers that all the requirements of the contract obligatory upon him were complied with. That allegation is denied. On the trial in the city court the defendant offered to show that the plaintiff had not sued the attorneys for the underwriters, nor done any of those things required by the stipulation of the policy above quoted as necessary to be done before an action will lie against the individual underwriters. The proof thus offered was excluded, and the general term of the city court affirmed the ruling of the trial court in that regard. On appeal to the appellate term of the supreme court the determination of the general term of the city court was reversed, and in the opinion of the appellate term it was considered that the language of the conditions as above given "must be regarded as an express prohibition against the maintenance of the action until the performance of the conditions which are essential to the creation of the liability," and "that the provisions were unquestionably conditions precedent." We concur in the view taken by the appellate term. A condition precedent in a contract is an act to be performed by one party before the accruing of a liability of the other party, and it must be pleaded and proven. Chit. Cont. (11th Am. Ed.) 1083. What is a condition precedent depends not upon technical words, but upon the plain intention of the parties, to be deduced from the whole instrument. Roberts v. Brett, 11 H. L. Cas. 337. And the only reasonable view of what the parties to this contract intended is that an action against the attorneys should precede one against the underwriters. Performance of conditions precedent was sufficiently pleaded in this case (Code Civ. Proc. § 533); but proof of performance was not given, nor was the defendant allowed to show nonperformance. The plaintiff's assignor by the acceptance of the policy bound himself to resort first to an action against the attorneys, and then to a fund provided and in their

hands, before he was entitled to sue the individual underwriters. The neglect to comply with the requirement of the policy was not a matter of defense, but compliance was a substantial part of the plaintiff's cause of action against the defendant or his associate underwriters.

The determination appealed from should be affirmed, with costs. All concur.