LEONARD C. KETCHUM, Appellant, *v.* MILO M. BELDING, JR., Respondent.

*Lloyds insurance policy — the clause requiring suit to be first brought against the attorneys is a condition precedent to one against the underwriters.*

A clause in a Lloyds policy of insurance that "no action, suit or other proceed-ing, either in law or in equity, shall in any event be begun or maintained by the assured for the recovery of any claim upon, under or by virtue of this policy, or to enforce the provisions of this policy against the individual under-writers hereon, or any of them, until after suit shall have been brought against the attorneys for the underwriters," constitutes a condition precedent, and where the complaint in an action against the individual underwriters upon the policy alleges that the plaintiff complied with all the requirements of the con-tract obligatory upon him, which allegation is denied in the answer, proof of compliance with the provisions of the policy relative to a suit against the attorneys is essential to a recovery.

APPEAL by the plaintiff, Leonard C. Ketchum, from an order of the Appellate Term of the Supreme Court, entered in the office of

the clerk of the county of New York on the 11th day of October, 1900, reversing an order of the General Term of the City Court, entered in the office of the clerk of said court on the 9th day of May, 1900, affirming a judgment in favor of the plaintiff entered upon the verdict of a jury rendered by direction of the court, and also reversing an order of the General Term of the City Court of New York affirming an order denying the defendant's motion for a new trial.

*Albert Ritchie*, for the appellant.

*George M. Mackellar*, for the respondent.

PATTERSON, J.:

This action was brought to recover from the defendant a proportionate part of a loss for which it is claimed he became liable as an individual underwriter under a policy of insurance issued in the form commonly known as a Lloyds policy. Among the conditions contained in the policy is the following : " In the event of litigation upon this policy no action, suit or other proceeding, either in law or in equity, shall in any event be begun or maintained by the assured for the recovery of any claim upon, under or by virtue of this policy, or to enforce the provisions of this policy against the individual underwriters hereon or any of them until after suit shall have been brought against the attorneys for the underwriters, and for the full amount of the loss or claim, or full and complete relief claimed under this policy, and each of the underwriters hereon hereby agrees to abide the final determination of any such action, suit or proceeding so brought as fixing his individual responsibility under this policy. Judgment entered in such action against the said attorneys as such trustees as aforesaid shall be satisfied out of such trust fund in the hands of said attorneys. If such trust fund shall be insufficient to satisfy such judgment, then the assured may begin and maintain actions against the individual underwriters hereon upon their liability under this policy as hereinbefore expressed and limited upon their agreement to abide the final determination of any suit brought against the said attorneys as such trustees aforesaid. In no event shall any action, suit or proceeding to enforce the provisions of this policy or any claim hereunder be brought or commenced by the assured against the said individual underwriters or any of them

until after the expiration of thirty days after a duly issued execution against the said attorneys, as such trustees as aforesaid, has been returned unsatisfied in whole or in part."

The policy was underwritten by the defendant and fourteen others and was executed by attorneys for the underwriters. The contract is undoubtedly one of insurance, obligatory upon all the underwriters, but every term and condition of it is operative, and all those above quoted must be given effect as essential parts of it. While the defendant assumed liability for a proportionate share of the loss, direct enforcement of that liability is made conditional upon a suit being brought in the first instance against the attorneys. The ascertainment and liquidation of the amount of the loss is to be made in such action, and primary resort to a fund in the hands of the attorneys is required. The nature, proper construction and legal effect of such a stipulation in a policy of this character were determined in *Leiter* v. *Beecher* (2 App. Div. 579). Such a stipulation is there held to be valid. It constitutes enforcible conditions. The question arising on this appeal and on this policy relates to this stipulation being one containing conditions precedent. In the complaint the plaintiff avers that all the requirements of the contract obligatory upon him were complied with. That allegation is denied. On the trial in the City Court the defendant offered to show that the plaintiff had not sued the attorneys for the underwriters nor done any of those things required by the stipulation of the policy above quoted as necessary to be done before an action will lie against the individual underwriters. The proof thus offered was excluded and the General Term of the City Court affirmed the ruling of the trial court in that regard. On appeal to the Appellate Term of the Supreme Court, the determination of the General Term of the City Court was reversed and in the opinion of the Appellate Term it was considered that the language of the conditions, as above given, " must be regarded as an express prohibition against the maintenance of the action until performance of the conditions which are essential to the creation of the liability," and that " the provisions * * * are unquestionably conditions precedent."

We concur in the view taken by the Appellate Term. A condition precedent in a contract is an act to be performed by one party

before the accruing of a liability of the other party and it must be pleaded and proven. (Chitty Cont. [11th Am. ed.] 1083.) What is a condition precedent depends not upon technical words, but upon the plain intention of the parties to be deduced from the whole instrument (*Roberts* v. *Brett*, 11 H. of L. Cas. 337); and the only reasonable view of what the parties to this contract intended is that an action against the attorneys should precede one against the underwriters.

Performance of conditions precedent was sufficiently pleaded in this case (Code Civ. Proc. § 533), but proof of performance was not given, nor was the defendant allowed to show non-performance. The plaintiff's assignor by the acceptance of the policy bound himself to resort, first, to an action against the attorneys, and then to a fund provided and in their hands before he was entitled to sue the individual underwriters. The neglect to comply with the requirement of the policy was not a matter of defense, but compliance was a substantial part of the plaintiff's cause of action against the defendant or his associate underwriters.

The determination appealed from should be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, O'BRIEN and McLAUGHLIN, JJ., concurred.

Determination of Appellate Term affirmed, with costs.