## SCHAFFER v. EMMONS.

(Supreme Court, Appellate Division, First Department.   April 7, 1905.)

POWER OF ATTORNEY—EXECUTION—SIGNATURE—PROOF.

 In an action on a policy of insurance executed by an attorney in fact acting under a power which was not acknowledged or dated, but purported to be signed by the principal and witnessed by a certain person, the witness testified merely that his signature was attached to the instrument, and that he witnessed the principal's name thereto, but was unable to state the date when the instrument was executed, and did not testify that he saw the principal sign, or that he was present when the principal signed; and there was no evidence of the principal's handwriting, and no other evidence that the power was ever signed by him. *Held*, that the signature of the power was not sufficiently proven to justify the admission of the instrument in evidence.

 Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Anthony Schaffer against James G. Emmons.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Geo. A. McDermott, for appellant.

Mortimer M. Menken, for respondent.

INGRAHAM, J.   The action was upon a policy of fire insurance. The defendant was one of the underwriters doing business under the name of the South American Union Underwriters; Daynes, Ryder & Co. being the attorneys and managers conducting and carrying on the business for the underwriters.   The policy was dated February 3, 1897, and by it the underwriters insured the plaintiff to the amount set opposite their respective names, aggregating the sum of $1,500, for the term of one year from the 2d of February, 1897, at noon.   The premises were destroyed by fire on the 21st of September, 1897.   The answer denied all of the material allegations of the complaint.   An instrument was produced by a witness who had been in the employ of Daynes, Ryder & Co., who issued the policy of insurance as attorneys in fact and general managers for the defendant and the other underwriters. This instrument was without date, the attestation clause being, "In witness thereof, ——— have hereunto set hand and seal this ——— day of ——— 189-." It purported to employ and retain Daynes, Ryder & Co. as attorneys in fact upon the terms therein contained, was under seal and purported to be signed by the defendant and witnessed by W. F. Holwill, Jr.   Holwill was called, and testified that in the year 1896 he was employed by Daynes, Ryder & Co. as policy clerk; that his signature was attached to this instrument; that he witnessed the defendant's name therein; that he should say the instrument was executed by the defendant the latter part of 1896 or 1897; that he could not state any more definitely; that he left the employ of the agents about June, 1897, and that, before he left, this power of attorney was executed; that this instrument called a "power of attorney" was signed and witnessed by the witness before the policy in suit was issued.   The

power of attorney was then offered in evidence, was objected to by the defendant, the objection overruled, and the defendant excepted.

I do not think the execution of this instrument was proved. The witness nowhere says that he saw the defendant sign the instrument, or that he was present when the defendant signed it, his only evidence being that he witnessed the defendant's name on the instrument; and there is no evidence of the defendant's handwriting, or that he ever signed the instrument in question. To prove the execution of an instrument by a subscribing witness, it is necessary to show that the instrument was signed in the presence of the witness. The instrument is undated, and, while the witness testified that "the power of attorney was signed and witnessed by me before February 3, 1897," he nowhere testified that the defendant signed it prior to that time, or prior to the time the policy in suit was issued. The instrument not being acknowledged and being undated, to entitle the plaintiff to recover it was essential that he should show that the defendant executed the power of attorney prior to the time that the policy in suit was issued. When asked by the court when the power of attorney was executed by the defendant, he said, "I should say the latter part of 1896 or 1897. The exact date I could not tell;" that he left the employ of the agents about the month of June, 1897, but could not say exactly when; that he could not say positively whether it was June, July, or August that he left—could not say how long before he left the power of attorney was executed; and that the only thing he was positive about was that he signed and witnessed the power of attorney before February 3, 1897. There is nothing to show that, before he signed and witnessed it, the defendant had signed it—nothing, in fact, to show that the defendant ever signed it.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and PATTERSON and McLAUGHLIN, JJ., concur.

LAUGHLIN, J. I am of opinion that the signature to the power of attorney was proved, and I therefore dissent.