MERES v. EMMONS.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

DEPOSITIONS—ADMISSION IN EVIDENCE.

    On the trial the court stated that it would allow plaintiff to take the deposition of R. Without making application to take deposition as provided by Code Civ. Proc. § 872, and without an order to take it, and without consent of defendant, but over his objection, it was taken. Plaintiff, without showing, as required by section 882, that the witness was unable to personally attend, introduced the deposition over defendant's objection. *Held*, that its admission was error.

Appeal from Trial Term, New York County.

Action by Frederick R. Meres against James G. Emmons as underwriter on a fire policy. From a judgment for plaintiff after trial without a jury, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Geo. A. McDermott, for appellant.

Mortimer M. Menken, for respondent.

INGRAHAM, J. The action was based upon a policy of insurance issued by certain underwriters doing business under the name of South American Union Underwriters of New York, by Daynes, Ryder & Co., as their duly authorized attorneys and managers. The execution of the power of attorney by the defendant which authorized these agents to issue policies for him was attempted to be proved by the same evidence as that offered in the case of Schaffer v. Emmons (decided herewith) 92 N. Y. Supp. 993; and, for the reasons stated in that case, we are of the opinion that the power of

attorney was not proved, and that its admission in evidence as against this defendant was error.

There is also in this case an exception to the erroneous admission of evidence. An action had been commenced against the agents and attorneys, in which a judgment had been obtained in favor of the plaintiff. There was no evidence that any execution was issued upon that judgment, or that any attempt was made to enforce it. This policy in suit provided that:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

It also contained the following provision:

"The liability of each of the underwriters in case of any loss and the amount insured by each underwriter shall be his proportionate part of the aggregate amount payable to the insured upon such loss, and no one of the underwriters shall be, in any event, liable under this policy for any amount exceeding the sum of one hundred dollars. * * * No action shall be brought to enforce the provisions of this policy except against the General Managers as attorneys in fact, and representing all of the underwriters, and each of the underwriters hereby agree to abide the result of any suit so brought as fixing his individual responsibility hereunder, and any such action must be brought in the Supreme Court in the City and County of New York. Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended; if such premiums shall be insufficient, then out of the deposit made by the several underwriters; if both shall be insufficient, then out of the individual liability of the several underwriters as hereinbefore express and limited."

Under these provisions, before any action could be maintained against the individual underwriters, the plaintiff was bound to prove that the judgment against the general manager and attorney in fact could not be satisfied out of the premiums in the hands of the underwriters unexpended, or out of the deposit made by the several underwriters. As no attempt had been made to enforce the judgment against the agents, it was essential for the plaintiff to prove that the fund provided for the satisfaction of the judgment against the general managers was insufficient to satisfy the plaintiff's claim. The plaintiff called the defendant Emmons, who testified that he never had in his hands any unexpended premiums of this association, and that he never made any deposit with the manager's agents, Daynes, Ryder & Co., and never received any money from them. The court then intimated that it would hold that if the plaintiff had issued an execution against the fund, and that execution was returned unsatisfied, that would be sufficient evidence to show that there was no fund from which the judgment could be paid, but, if there was no such execution, the plaintiff was bound to prove that there was no fund existing, whether from the premiums paid, or the deposits by the underwriters. The plaintiff not having rested, the court noted that he would allow the plaintiff to take the deposition of one of the managers who issued the policy. The record shows that on the next day the plaintiff offered "the deposition of George W. Ryder, taken yesterday afternoon, at his house, in the borough of Brooklyn, Kings county," and the plaintiff rested.

Counsel for the defendant then objected to the reading of this deposition, as incompetent, immaterial, and irrelevant, and not properly taken, in reply to which the court stated that he would reserve his decision. The defendant then moved to dismiss the complaint. The decision of this motion was also reserved. This deposition purported to have been taken before a notary public of Kings county. It recited that counsel for the defendant objected to the examination proceeding, and withdrew his consent to take the deposition. The witness was then sworn by the notary public, and examined by the plaintiff's attorney, and cross-examined by the defendant's attorney. No affidavit appears to have been submitted to the trial judge, upon which an application for an order to take the deposition of this witness was made, and no order was entered directing the examination of the witness. The record shows no consent by counsel to the taking of such deposition. No referee was appointed for such purpose, nor did the examination appear to have been taken before the court or any officer authorized to take it. The provision of section 872 of the Code of Civil Procedure which authorizes the taking of the deposition of a witness was not complied with. When the deposition was offered to be read, there was no compliance with section 882 of the Code of Civil Procedure, to justify the reading of the deposition. Its admission was error. Before plaintiff was entitled to recover as against the defendant, he was bound to show that the fund out of which the judgment obtained against the managers or agents was first to be satisfied was not in existence. Obtaining a judgment against the underwriters, and exhausting all remedy of the insured against the fund in their hands, was a condition precedent to any liability of the individual underwriters. Ketchum v. Belding, 58 App. Div. 295, 68 N. Y. Supp. 1099.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; LAUGHLIN, J., on last ground.