# Snell *v*. Roach.

## *Ejectment.*

(Decided March 2nd, 1907.   43 So. Rep. 189.)

1. *Ejectment; Evidence; Homestead Exemption.*—Decedent owned one hundred and sixty acres of land at the time of his death, and his estate was declared insolvent. Plaintiff claims as an heir of decedent and was of age at the time of his death. De-

fendant claims through a son of decedent who was a minor at the time of decedent's death. Held, defendant was entitled to show that the land was the homestead of decedent, and that at the time of his death it was not worth more than five hundred dollars.

2. *Exemptions; Homestead; Widow and Minor Children.*—Under section 1738, Code 1852, and Acts 1859-60, p. 18, the homestead of one dying intestate, which homestead is not worth more than five hundred dollars, vests absolutely in the widow and minor children and it does not require any proceedings to vest it.

3. *Witnesses; Cross Examination of Plaintiff.*—Plaintiff claiming the title to the land as an heir of decedent, and defendant claiming through a minor son of decedent, it was proper to permit, on cross examination of plaintiff, questions as to statements made by her to her mother about disposing of the property by will, as showing knowledge by plaintiff that the property was claimed by her mother.

APPEAL from Henry Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Lucy A. Roach against James M. Snell. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The plaintiff in the ejectment suit, appellee here, was a daughter of Joel McLendon, the former owner of the land. She was more than 21 years of age when her father died, in 1863. The appellant is the assignee of W. A. McLendon, a minor son of Joel McLendon, and asserts an interest derived from said minor son, which is the interest deeded, on a division of the land between the minor son and daughter, to the son, after they reached their majority. It was shown that the estate of McLendon consisted of 160 acres of land, on which he resided at the time of his death as a homestead; that his estate was declared insolvent; and that there was a widow and two minor children, the interest of one of whom Snell got by purchase. It was attempted by the defendant to show that the land, at the time of the death of McLendon and at the time his estate was declared insolvent, was not worth exceeding $500. The court refused to permit this question to be asked. On cross-examination of the plaintiff, the defendant proposed to ask

[Snell v. Roach.]

her if she had not had a conversation with her .mother in reference to these lands at the home in Henry county in the year 1902, previous to her death the following year, and if "in that conversation you did not say to her that on account of her advanced years she ought to make some disposition of her land by will, and that it would be right to leave it to Gus and Mary," meaning W. A. McLendon and Mary Holland, the minor children at the time of the death of the father. The court sustained objections thereto. The other facts are sufficiently set out in the opinion.

W. C. OATES, and P. A. McDANIEL, for appellant.— The bill of exceptions should not be stricken.—*M. & B. R. R. Co. v. Worthington,* 95 Ala. 598; *Rosson v. The State,* 92 Ala. 76. The court erred in refusing to permit appellant to ask the questions propounded to appellee, operating as an estoppel to her.—Herman on Estoppel, § 140; et. seq., 1 Greenl. on Evidence, §§ 207-8, et. seq. The court erred in giving the jury the affirmative charge for the plaintiff. It ignored the decree of insolvency.—§ 1738, Code 1852; *Brooks v. Martin,* 42 Ala. 360; *Ross v. Hanna,* 18 Ala. 125.

ESPY & FARMER, for appellee.—The order in this case was not sufficient to authorize the signing of the bill of exceptions in vacation.—*Jasper Merc. Co. v. O'Rear,* 112 Ala. 253; *Crawford v. Crawford,* 119 Ala. 35; *Cartiledge v. Sloan,* 124 Ala. 596; *Carter v. Long,* 125 Ala. 389. The questions propounded by appellant to appellee called for legal as well as illegal testimony and the court properly sustained an objection to it.—*Henry v. Hall,* 106 Ala. 84; *Longmire v. The State,* 130 Ala. 66; *Beall v. Johnson,* 140 Ala. 339. It is not shown that the witness answered the question, nor is it shown that it was made known to the court what was expected to be shown by the question.—*Cartilege v. The State,* 132 Ala. 17; *L. & N. R. R. Co. v. Marbury Lbr. Co.,* 132 Ala. 520; *Ross v. The State,* 139 Ala. 144; *Allen v. Draper,* 98 Ala. 590; *Hughes v. The State,* 75 Ala. 31. One relying on the exemption law for title to property has the burden of

proving that all the requirements of the statutes have been complied with.—*Carroll v. Fulton,* 41 South. 741. There is no proof that appellee ever had any knowledge of an adverse claim, nor that the claim was so open, notorious and continuing as to charge her with notice.— *Foy v. Wellborn,* 112 Ala. 160. In no event could the statute of limitations run against appellee in this case —*Pickett v. Pope,* 74 Ala. 172; *Bass v. Banks,* 88 Ala. 408; *Gindrat v. Western Ry.,* 96 Ala. 162; *McLeod v. Bishop,* 110 Ala. 640.

SIMPSON, J.—This was a statutory action of ejectment, brought by the appellee against the appellant, for a one-fifth interest in the E. 1-2 of S. E. 1-4, section 26, township 7, range 27, in Henry county, formerly owned by the father of the plaintiff, Joel T. McLendon, who died in 1863, while occupying said land as his homestead. Said McLendon left a widow and five children, two of whom were minors; the plaintiff (appellee) being one who was not a minor at the time of her father's death. The defendant showed that letters of administration were issued on the estate of said McLendon, and the estate declared insolvent June 11, 1866, the land in question being mentioned as 160 acres, valued at about $900.50, and the petitioner stating that one-half of it is exempt from sale, for the benefit of the widow and children, while the record of his settlement, at the time of insolvency, states that the estate owns 160 acres, which the administrator believes "the widow of said deceased will be entitled to as a homestead, for the family of said deceased." Defendant's witnesses also stated that said widow, Mary McLendon, lived on said 160 acres of land, claiming it as her own, paying taxes on it, and collecting rents of same, since 1865 or 1866, until her death on July 5, 1903. Defendant also introduced in evidence the will of said Mary McLendon, devising said 160 acres (S. E. 1-4 of section 26, township 7, range 27) to her son W. A. McLendon and her daughter Mary E. Holland share and share alike. Said Mary Holland and a sister (Sarah) since deceased were the minors, who lived with their said mother. Deeds were then in-

troduced showing that said W. A. McLendon and his said sister Mary H. Holland had partitioned the land; the east one-half of said quarter (the land sued for) being conveyed to said W. A. and he having conveyed the same to the appellant December 8, 1904. The plaintiff testified that for 25 years before her mother's death she lived 35 miles distant from her mother, that she visited her occasionally, and had never heard her mother assert any claim to the land.

In order to determine the materialty of some of the objections to testimony, it seems advisable to examine, first, what were the rights or interest of said widow and her minor children in said lands, under the homestead exemption laws. Code 1852, § 1738, provides that, "when the deceased leaves a widow and a child or children under the age of twenty years, members of his family, the following property is exempt from sale for the payment of debts." Subdivision 6 "If it is found necessary to sell all the real property for the payment of debts, the widow, or if there is no widow, the executor or administrator, must select real estate to the value of five hundred dollars, to include the homestead, or such portion of the same as can be selected, without injury to the remaining portion of the estate, and if this cannot be done, other lands in place thereof, to be estimated by the appraisers, and set off by metes and bounds, which is exempt from sale, and the title to which vests in such widow, and child or children; or in the widow, if there be no children, or in such child or children, if no widow." The act of January 30, 1860, made said property "exempt from the claims of heirs, distributees or legatees, for the use of the widow, or widow and child or children."—Acts 1859-60, p. 18. An act was passed and approved December 9, 1864, construing said section 1738 to apply only "in cases where the estate of the decedent is insolvent, and it becomes necessary to sell the real estate for the payment of debts," (Acts 1864, p. 93); but we do not consider this act, as, under our decisions, the exemption to the widow and minor children is governed by the law in force at the time of the death of the husband.—*McDonald v. Berry,* 90 Ala. 464, 7

South. 838; *Foy v. Wellborn*, 112 Ala. 160, 20 South. 604.

In discussing the amendatory act of 1860, this court, speaking through Chief Justice Brickell, said: "It is not easy to assign to this amendatory statute any other operation than as creating a right in the widow and infant children to the exemption, absolutely, without regard to whether a sale of the real estate was, or not, necessary for the payment of debts—a right which would accrue on the death of the husband or father, and could then be asserted."—*Rottenberry v. Pipes*, 53 Ala. 447-449. Giving to the statute this interpretation, the widow and children were entitled to have the title to said 160 acres of land vested absolutely in them at the time of the declaration of insolvency, if said land was not worth exceeding $500. It did not require any proceeding to vest it.—*Jackson v. Wilson*, 117 Ala. 432, 23 South. 521. Hence the court erred in sustaining the objections to the testimony of the witnesses Capp and Reynolds by which it was sought to prove that said land constituted the homestead of Joel T. McLendon, deceased, and that at the time of his death it was worth no more than $500.

Great latitude is allowed on cross-examination, and the court erred in refusing to allow the plaintiff, when on the stand, to be examined as to statements made by her to her mother about her disposing of the land by will. The answer might have been important to show knowledge on the part of the plaintiff that the property in question was claimed to be owned by her mother.

From what has been said it results that the court erred in giving the general charge in favor of the plaintiff. It may be well to state, however, that we do not mean to say that the plaintiff could not recover her share of the undivided one-third of the land which was owned by her sister Sarah. The record does not show when she died; but, when she did, her interest descended to her brothers and sisters.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.