This is an appeal from a declaratory judgment. Leonard F. Allen brought this action seeking a declaration that he either be paid a commission for arranging the sale of certain real property or should recover a portion of the earnest money placed in escrow by the buyer.
On July 8, 1975, Leonard F. Allen, a real estate agent, entered into a listing agreement with C.C. Mathison and J.C. Mathison. The agreement provided that Allen was to attempt to furnish a willing and able purchaser for certain land owned by the Mathisons. The Mathisons agreed to pay Allen a ten percent (10%) real estate commission.
As a result of Allen's efforts Jenny Gertz, trustee for a private spendthrift trust, entered into a contract with the Mathisons for the purchase of the property. At this time Allen became entitled to a commission on the gross amount of the sale price or, in the event the buyer defaulted, to a portion of the $15,000 earnest money which had been placed in escrow.
The sale was never consummated. The buyer, Gertz, claimed that certain conditions in the contract were not met by the sellers, thereby justifying her refusal to complete the transaction. The sellers contended that these conditions were conditions subsequent and that Gertz never intended to consummate the sale unless an immediate resale of the property could be arranged.
Allen filed suit for declaratory judgment against the sellers, the buyer and the escrow company. He asserted that should the court determine that the sellers breached the contract of sale, then he is entitled to a commission of $150,000; or, in the alternative, should the court determine that the buyer breached the contract, then he is entitled to his share of the earnest money held in escrow.
The trial court, after hearing evidence ore tenus, held that the buyer, Gertz, breached the contract and that Allen and the Mathisons were entitled to the $15,000 escrow payment. From this judgment Gertz appeals. We affirm.
As this is an ore tenus case, the decree below is favored with a presumption of correctness and the trial court's findings will not be disturbed unless they are palpably wrong, without supporting evidence or manifestly unjust. Sudduth v.Sudduth, 366 So.2d 1102 (Ala. 1979). The court specifically found that Gertz had never intended to perform her obligations under the contract unless a simultaneous resale could be arranged. When a resale could not be accomplished *Page 697 
Gertz attempted to avoid consummating the sale, thereby breaching the contract.
After a careful review of the record we cannot agree with Gertz's contention that the seller failed to meet various conditions precedent to the contract. Whether a provision in a contract is a condition precedent is dependent, not upon formal words, but upon the intent of the parties to be determined from the entire contract. Fidelity Casualty Co. of New York v.DeLoach, 280 Ala. 497, 195 So.2d 789 (1967); Hancock v.Oliver, 228 Ala. 548, 154 So. 571 (1934); Floyd v. Pugh,201 Ala. 29, 77 So. 323 (1917). We are of the opinion that there is ample evidence to support the trial court's findings that the contract provisions were not conditions precedent to performance under the contract, and that the sellers had substantially complied with its provisions.
The judgment of the circuit court declaring the rights and duties of the respective parties is correct and is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.